UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JO LYN MORRIS,

     Plaintiff,

v.                                                  Case No. 8:20-mc-37-T-30CPT

STATE OF FLORIDA,

     Defendant.
_____/

## REPORT AND RECOMMENDATION

     Before me on referral is *pro se* Plaintiff Jo Lyn Morris's *Motion to Remove*. (Doc. 1). For the reasons discussed below, I respectfully recommend that Morris's motion, which I construe as a notice of removal, be denied and that the case be remanded to state court for lack of jurisdiction.

I.

     Morris is a defendant in a criminal traffic case in the Sixth Judicial Circuit in and for Pinellas County, Florida, where she has been charged with driving under the influence.[1] In support of her removal request, she has filed a one-page motion citing

---

[1] Additional information beyond that contained in Morris's motion is drawn from the state court's public docket. *See State of Florida v. Morris*, Uniform Case Number 522019CT058042000APC. The Court may take judicial notice of such records. *Aldar Tobacco Group, LLC v. Am. Cigarette Co., Inc.*, 2017 WL 8794599, at *1 (S.D. Fla. Sept. 20, 2017).

unspecified civil rights violations as well as violations of her Fourth and Fifth amendment rights. (Doc. 1). Morris has also filed a self-styled affidavit of indigency declaring, without explanation, that she is indigent. (Doc. 2).

II.

A party seeking removal has the burden of establishing federal jurisdiction. *Scheringer v. Johnson*, 2017 WL 4278502, at *1 (M.D. Fla. Apr. 28, 2017) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). Because removal statutes are narrowly construed, any "uncertainties are . . . resolved in favor of remand." *Id.* (citations omitted).

The procedure for removing a state court criminal case to federal court is set forth in 28 U.S.C. § 1455. Under that statute, a defendant seeking such relief must file a notice of removal in the United States district court "for the district and division within which such prosecution is pending. . . .'" *Brevard Cty., Fla. v. Smaldore*, 2015 WL 3830737, at *2 (M.D. Fla. June 19, 2015) (quoting 28 U.S.C. § 1455(a)). Section 1455 also requires that the notice "be signed in accordance with Federal Rule of Civil Procedure 11 and contain 'a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon' the defendant in the removed actions." *Id.* (quoting 28 U.S.C. § 1455(a)). Section 1455 further mandates that the notice allege "all grounds" for removal and that, absent a showing of good cause, the notice be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. §§ 1455(b)(1), (b)(2).

Once filed in federal district court, a notice of removal must be examined "promptly" by the court and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Federal law sharply limits the substantive grounds on which a state prosecution may be removed to federal court. One such basis is when the prosecution is "against or directed to officers of the United States and members of the armed forces of the United States." *Smaldore*, 2015 WL 3830737, at *2 (citing 28 U.S.C. §§ 1442(a), 1442a). Two other avenues for removal are when the criminal case is: "(1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;" or "(2) [f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. §§ 1443(1), (2).

Against this backdrop, Morris's one-page motion is both procedurally and substantively infirm. It does not include any of the documents required under section 1455 and is untimely under that provision as well. *See* 28 U.S.C. §§ 1455(a), (b)(1).

With respect to the latter deficiency, the docket from Morris's state court case reflects that her original arraignment occurred no later than September 23, 2019, that she apparently pleaded guilty, that she was placed on probation on January 21, 2020, and that she was arraigned on a violation of probation on March 10, 2020. Morris, however, did not file the instant motion until nearly two months later, which is well

3

past section 1455's "30-day-from-arraignment time limit." *Florida v. Rosado*, 2018 WL 1320258, at *2 (M.D. Fla. Feb. 22, 2018), *report and recommendation adopted*, 2018 WL 1316236 (M.D. Fla. Mar. 14, 2018)).  Morris's motion does not offer any reason, much less establish good cause, for her untimeliness.

Even if Morris's removal attempt were procedurally proper, none of the statutes permitting removal of a state court criminal action appear to be germane.  Morris does not assert that she is an officer of the United States or a member of the United States armed forces, so as to allow removal under section 1442(a) or section 1442a.

She also does not provide a basis for removal under either section 1443(1) or section 1443(2).  To prevail under the first of these provisions, a petitioner must satisfy a two-prong test.  *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001).  "First, the petitioner must show that the right upon which [she] relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  "Second, the petitioner must show that [she] has been denied or cannot enforce that right in the state courts."  *Id.* (citing *Rachel*, 384 U.S. at 794).

Morris fails to satisfy the first prong of this test, which alone is fatal.  Her motion does not contain any allegation that her cause for removal is tied to her race.  "Indeed, the terms 'race' or 'racial' or any term having that connotation are never mentioned in" her motion.  *Scheringer*, 2017 WL 4278502, at *2.  Her unadorned, factually unsupported references to unspecified Fourth and Fifth amendment violations do not cure this deficiency.  *Florida v. Cave*, 2019 WL 3302571, at *1 (S.D.

4

Fla. July 23, 2019) (noting that a defendant's removal relying in part on the Fourth, Fifth, Sixth, Eighth, and Fourteenth amendments failed to satisfy section 1443 because "[n]one of these provide for specific civil rights stated in terms of racial equality").[2]

Morris's motion likewise fails under section 1443(2). The Supreme Court has held that removal under this provision "'is available only to federal officers and to persons assisting such officers in the performance of their official duties.'" *Scheringer*, 2017 WL 4278502, at *2 (quoting *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 815, 824 (1966)); *see also Pridgeon v. Florida*, 2016 WL 5844154, at *5 (M.D. Fla. June 20, 2016) (same), *report and recommendation adopted*, 2016 WL 5719351 (M.D. Fla. Oct. 3, 2016). Morris does not claim to be a federal officer or to be assisting such an officer in the performance of an official duty.

III.

For the reasons set forth above, I recommend:

1.      Morris's *Motion to Remove* (Doc. 1) be denied.

2.      The case be remanded to the Sixth Judicial Circuit in and for Pinellas County, Florida.

3.      The Clerk of Court be directed to send a copy of the order of remand to the Sixth Judicial Circuit and to thereafter terminate any pending motions and close the case.

---

[2] In light of Morris's failure to establish the first prong of section 1443(1), I do not address the second prong.

5

Respectfully submitted this 17th day of August 2020.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable James S. Moody, Jr., United States District Judge
*Pro se* Plaintiff